[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Nicholas Sarantopoulos, was ineffective in assisting him in that he failed to adequately investigate the case; failed to provide a judicially supervised disposition conference; failed to object to the use of the petitioner's clinical reports being part of the presentence report of the Adult Probation Department; failed to object to the probation officer preparing such report who had a conflict with the petitioner; and failed to obtain a proper canvas of the petitioner's plea.
The petitioner's arrest and conviction arose from the complaints of sexual conduct by eight (8) minor boys with whom the petitioner had an association at various times from 1993 to 1995 at various locations in Windham County. The petitioner entered a plea agreement by which the various charges against him were reduced to eight (8) counts for a total effective sentence of thirty (30) years execution suspended after twelve (12) years with a period of probation for five (5) years on August 9, 1996. See Respondent's Exhibit A.
The petitioner called his criminal trial attorney and himself as his only witnesses.
Sarantopoulos testified that he originally represented the petitioner in August of 1995 on an information, CR11-91825, of one count of sexual assault in the second degree and a count of risk of injury to a minor. He negotiated with Assistant State's Attorney Dooley in which he was able to explore an alternative disposition through the help of the Adult Probation Officer Straub. All negotiations ended when the petitioner was arrested on or about February 15, 1996 on the complaints often (10) additional minor victims (CR 11-93 564). Both informations were transferred to the Judicial District but the petitioner was released on bond with special conditions, one of which was to continue counseling with Linda Vaccaro at the Northeast Clinical CT Page 7127 Specialists. See Petitioner's Exhibit 4. Petitioner never discussed any problems that he had with Probation Officer Straub and Straub had been helpful in demonstrating how to approach the Alternative Incarceration Center. There came a time when the petitioner had to determine that trial had a serious risk of long incarceration as against the prospects of lesser time on a plea. However a plea meant complete cooperation which would include an evaluation to be made of the petitioner for submission to the Adult Probation Department as part of its submission to the court in a presentence report. Authorization was given by the petitioner for this to be done. Petitioner's Exhibit 18. The evaluation was done, Petitioner's Exhibit 17, and made a part of the presentence report. Petitioner's Exhibit 19. This presentence report was prepared by Probation Officer J.T. Wood not Straub. He also explained that the petitioner would be required to register as a sex offender.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show counsel's representation fell below an object standard of reasonableness.Aillon v. Meachum, 211 Conn. 352, 359. Counsel clearly understood the charges which were presented in the affidavits accompanying the two warrants and the petitioner's denial of the harm as set out in his letters to counsel, Respondent's Exhibits C. D, E. andF. The petitioner refers to no mandatory judicially supervised disposition conference requirement; petitioner authorized the use of the evaluation which would be a necessary presentence requirement; no conflict was shown between petitioner and the preparator of his presentence report, J.T. Wood; and the canvas of the petitioner's plea appears complete (See Respondent's Exhibit A).
For the above reasons the petition is denied.
Corrigan, JTR